# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN PERSON, | ) |
|     Plaintiff | ) ) ) ) Case No. 04-C-6321 |
| v. | ) ) Judge Joan B. Gottschall |
| PFIZER, INC., | ) ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff John Person ("Person") has brought suit against defendant Pfizer, Inc. ("Pfizer"), alleging negligence, strict liability, and breach of implied warranties of merchantability and fitness for particular purpose. For the reasons set forth below, Pfizer's motion for judgment on the pleadings is granted.

## BACKGROUND

In December 1998, Person, a citizen of Illinois, was prescribed by his physician an antibiotic named Trovan® (trovafloxacin) ("Trovan") that was manufactured and marketed by Pfizer, a Delaware Corporation. Person alleges that shortly after he began taking the drug he began to suffer adverse symptoms and that when he visited his physician the following April, he was diagnosed as experiencing drug-induced liver failure, presumably due to the Trovan.[1] Person alleges that he discovered that his symptoms were induced by Trovan on January 28, 2000 and that shortly thereafter he contacted Pfizer by telephone,

---

[1] On June 10, 1999, the Food and Drug Administration ("FDA") issued a public health advisory, stating that use of Trovan for as little as two days could result in liver failure and that Trovan use exceeding two weeks appeared to be associated with a substantially increased risk of acute liver failure. The FDA also restricted the distribution of Trovan to in-patient health care facilities at that time.

1

relating his alleged injuries. Through his conversations with Pfizer, Person learned of a class action lawsuit being filed against Pfizer in federal court in South Carolina on behalf of individuals who had allegedly suffered injuries as a result of Trovan use (the "South Carolina suit").[2] Person alleges that he then contacted the attorneys for the plaintiff in the South Carolina suit and learned that, since he did not elect to "opt out" of the class action suit, he would be considered a member of the class. However, the South Carolina suit was settled on August 13, 2002, before the class was certified. Consequently, Person filed suit against Pfizer on August 5, 2004 in the Circuit Court of Cook County, Illinois, alleging negligence, strict liability, breach of implied merchantability, and breach of implied fitness for particular purpose. On September 29, 2004, Pfizer removed the case to this court and moved for judgment on the pleadings on November 11, 2004.

## ANALYSIS

A motion for judgment on the pleadings shall be granted only if the moving party clearly establishes that no material issue of fact remains to be resolved and that the moving party is entitled to judgment as a matter of law. *National Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987). When entertaining such a motion, the court may consider only matters presented in the pleadings and must view all of the facts in the light most favorable to the nonmoving party. *National Fidelity*, 811 F.2d at 358.

**Pfizer is Entitled to a Judgment on the Pleadings**

Person alleges that he discovered his Trovan-related injuries in January, 2000 and that he filed suit in Illinois state court in August, 2004. Person contends that the statutes of

---

[2] *Rosmer v. Pfizer Inc.* was filed on June 29, 1999 in the Hampton County Court of Common Pleas in South Carolina. It was removed to the United States District Court for the District of South Carolina, Beaufort Division on July 9, 1999.

2

limitations on his state law claims were tolled pending resolution of the South Carolina suit. When that suit was settled on August 13, 2002, Person argues that the statutory two years in which to file his negligence and strict liability claims and the four years in which to file his claims of breaches of implied warranties of merchantability and fitness for particular purpose had been tolled until the date of settlement, and by filing in state court on August 5, 2004, he was within the statutory limitations period for all of his claims. Person cites *Crown Cork & Seal Co. v Parker* in support of his argument. 462 U.S. 345 (1983). In *Crown*, the Supreme Court held that commencement of a class action "suspends the applicable statute of limitations as to all members of the class who would have been parties had the suit been permitted to continue as a class action". Once a statute of limitations has been tolled, it remains tolled until class certification is denied, at which point class members may choose to file individual suits. *Crown*, 462 U.S. at 353-54 *quoting American Pipe Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974). However, the plaintiffs in both *Crown* and *American Pipe* alleged federal causes of action and, after class certification was denied in those cases, the plaintiffs refiled in federal court.[3]

The instant case is distinguishable from *American Pipe* and *Crown* in that Person alleges Illinois state law causes of action and originally filed his individual claims in Illinois state court following settlement of the South Carolina suit in federal court. The case then came to this court when Pfizer removed it. Because Person filed his claim in an Illinois state court, the Illinois statutes of limitations control in this case. *Malone v. Bankhead Enterprises*, 125 F.3d 535, 538 (7th Cir. 1997). Illinois tolls the statute of limitations on individual state law claims while actions based upon the same claims are pending class

---

[3] The plaintiffs in *American Pipe* alleged violation of the Sherman Anti-Trust Act. 414

3

certification in Illinois state courts. *Hess v. I.R.E. Real Estate Fund*, 629 N.E.2d 520, 531 (Ill. App. 1993). However the law in Illinois regarding cross-jurisdictional (as opposed to intrajurisdictional) tolling of statutory limitations is clear: the Illinois statute of limitations is not tolled during the pendency of a class action in federal court. *Portwood v. Ford Motor Co.*, 701 N.E.2d 1102, 1105 (Ill. 1998). Therefore, the Illinois statutes of limitations on Person's state law claims were not tolled while the action in South Carolina federal court was pending class certification.

In Illinois, the period in which personal injury and product liability claims may be filed is two years following the date at which the injury became known, or should reasonably have become known, to the plaintiff, as well as that the injury was wrongfully caused. *Nolan v. Johns-Manville Asbestos*, 421 N.E.2d 864, 868 (Ill. 1981); 735 ILCS § 5/13-202; *Krouse v. Du Pont Pharmaceuticals, Inc.*, 603 N.E.2d 851, 854 (Ill. App. 1992); 735 ILCS §5/13-213. Person has alleged that he discovered he had suffered Trovan-induced injuries on January 28, 2000; therefore, the statutes of limitations preclude actions on that claim after January, 2002. Likewise, actions for breach of implied warranty of merchantability and breach of implied warranty of fitness for a particular purpose must be commenced within four years after the cause of action has accrued. *Hagen v. Richardson-Merrell, Inc.*, 697 F. Supp. 334, 341-42 (N.D. Ill. 1988); 810 ILCS § 5/2-725(1). A breach of warranty accrues when tender of delivery is made. *Hall v. Merck, Sharpe & Dohme*, 774 F.Supp 601 604 (D. Kan. 1991); 810 ILCS § 5/2-725(2). Person alleges that he received his Trovan prescription several times in March and April, 1999. Accordingly, the statute of limitations for claims of breach of warranty expired in April, 2003. However, the Illinois

---

U.S. at 540. The plaintiffs in *Crown* alleged violation of Title VII. 462 U.S at 347.

statute also states that where an action is timely filed and then terminated as to leave available a remedy by another action for the same breach, such other action may be commenced after the expiration of the time limit and within 6 months after the termination of the first action unless the termination resulted from voluntary discontinuance or from dismissal for failure or neglect to prosecute. 810 ILCS § 5/2-725(3). Therefore, when the South Carolina suit was settled, Person had six months in which to file suit on his breach of warranty claims. Regrettably, he failed to do so, and did not file his claims until two years after the South Carolina suit had been settled. His claims are therefore barred.

Nor do Person's claims otherwise qualify for equitable tolling. Class action tolling is fundamentally different from equitable tolling. Equitable tolling may be sought when a plaintiff has been induced or tricked by the defendant's conduct into allowing the limitations period to pass. *Hess*, 629 N.E.2d at 531. Person does not allege that Pfizer in any way tricked or induced him not to file in a timely manner, and his claims therefore do not warrant equitable tolling of the limitations period.

## CONCLUSION

Because there is no issue of material fact to be resolved, Pfizer is entitled to a judgment as a matter of law. Pfizer's motion for judgment on the pleadings is therefore granted.

ENTER:

Joan B. Gottschall
United States District Judge

Dated: July 25, 2005